UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-10312-RWZ

ALEX RODRIGUEZ

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION

August 29, 2017

ZOBEL, S.D.J.

Petitioner Alex Rodriguez moves, pro se, this court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. He claims that in light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), his Massachusetts conviction for unlawful manufacture, distribution, dispensing, or possession with intent to manufacture, distribute, or dispense a Class A controlled substance, Mass. Gen. Laws ch. 94C, § 32, does not constitute a "serious drug offense" under the Armed Career Criminal Act of 1984 ("ACCA"). See 18 U.S.C. § 924(e)(1)–(2)(A). The government maintains that Rodriguez procedurally defaulted his claim, that his § 2255 motion is untimely, and that his argument fails on the merits.

I.  **Background**

As relevant to the instant motion, on April 13, 2010, Rodriguez pleaded guilty to being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1). On March 17, 2011,

Rodriguez was sentenced as an armed career criminal to fifteen years of imprisonment, the mandatory minimum sentence under the ACCA. His ACCA status was based on three prior convictions for possession with intent to distribute a Class A drug.

Rodriguez appealed his armed career criminal designation to the First Circuit, arguing that his predicate drug convictions, all under Massachusetts General Laws chapter 94C, § 32, were not "serious drug offense[s]" because the applicable maximum sentence for them differs depending on whether a defendant was prosecuted in state superior court or state district court. See Revised Brief of Defendant-Appellant Alex Rodriguez at 4–7, 14–17, United States v. Rodriguez, No. 11-1431 (1st Cir. Nov. 21, 2011). Specifically, if a defendant is prosecuted in state superior court, then he or she faces a maximum term of imprisonment of ten years, while a defendant prosecuted in state district court faces a maximum penalty of two and a half years of imprisonment; under the ACCA, a "serious drug offense" is one for which the "maximum term of imprisonment" is for "ten years or more," 18 U.S.C. § 924(e)(2)(A)(ii). The First Circuit had previously held that a drug offense could constitute a "serious drug offense" even with such divergent maximum sentences. See United States v. Weekes, 611 F.3d 68, 72 (1st Cir. 2010); United States v. Moore, 286 F.3d 47, 48–50 (1st Cir. 2002). Nonetheless, Rodriguez maintained that in light of a 2010 Supreme Court case, Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), the First Circuit should reconsider its precedent. The First Circuit rejected Rodriguez's argument and affirmed his sentence. See Docket # 72. In reaching its decision, the court noted that "in the district court, defendant's counsel not only conceded his armed career criminal status, he affirmatively stated that defendant was correctly so designated. The government has

2

made a powerful case for waiver based on these facts. . . . Defendant's designation as an armed career criminal is therefore arguably unreviewable." Id. at 1 (citations omitted).

On June 9, 2017, Rodriguez filed the instant § 2255 motion seeking to vacate and correct his sentence in light of Mathis. See Docket # 75.

## II.    Standard

Under 28 U.S.C. § 2255, a federal prisoner "claiming the right to be released upon the ground that [a] sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A prisoner seeking to challenge a sentence under § 2255 must bring the motion within a one-year limitations period, which, as relevant here, runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

## III.    Discussion

Under the ACCA, a defendant convicted of being a felon in possession of a firearm or ammunition who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," faces a mandatory minimum sentence of 15 years of imprisonment. See 18 U.S.C. § 924(e)(1); see also Johnson v. United States, 135 S. Ct. 2551, 2555 (2015). A "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which

3

a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Rodriguez argues that one of his predicate convictions for possession with intent to distribute a Class A controlled substance[1] does not constitute a "serious drug offense." This is because, he says, a defendant can be convicted under Massachusetts General Laws chapter 94C, § 32 for "dispensing" a controlled substance, which he maintains is outside the ACCA definition of a "serious drug offense." He grounds his argument in Mathis, which held, in the context of a conviction under Iowa's burglary statute, that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, [the defendant]'s convictions under that law cannot give rise to an ACCA sentence," Mathis, 136 S. Ct. at 2257, even though some of the means by which a defendant can commit burglary under Iowa law fit within the generic form of the offense, id. at 2249–50. Rodriguez suggests that "[t]he dispensing element of [his] crime of conviction criminalizes" more than what constitutes a "serious drug offense" under the ACCA, and thus cannot constitute a predicate conviction. Docket # 76, at 6.

### A. Procedural Default

Because Rodriguez did not make his current challenge to his armed career criminal status before this court[2] or in his appeal, his claim is procedurally defaulted.

---

[1] Rodriguez specifically points to a September 2, 1999, conviction for possession with intent to distribute a Class A drug. See Docket # 76, at 4. Rodriguez's other predicate convictions were also for possession with intent to distribute a Class A drug, so his argument would apply to these convictions as well. Here, however, there is no practical difference whether Rodriguez challenges one or all three of his predicate convictions because all three must be "serious drug offense[s]" for the ACCA to apply. See 18 U.S.C. § 924(e)(1).

[2] During his allocution at sentencing, Rodriguez argued that his 1999 conviction for possession with intent to distribute should not count as an ACCA predicate because "what they found on [him] was one gram of heroin that [he] had on [himself] for personal use and they had told [him] that [he]

4

Bucci v. United States, 662 F.3d 18, 29 & n.10 (1st Cir. 2011).  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'"  Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).  Rodriguez makes no claim of actual innocence.  Indeed, he explicitly admitted his guilt at both the Rule 11 hearing and the sentencing hearing.  Nor does he explicitly contend he can show cause and prejudice.  To the extent his motion suggests that he could not have made his claim prior to the Supreme Court's decision in Mathis, see Docket # 75, at 5, such an argument would fail.

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with [a] procedural rule.  Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, [the Supreme Court has] note[d] that a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause under this standard."  Murray v. Carrier, 477 U.S. 478, 488 (1986) (citing Reed v. Ross, 468 U.S. 1, 16 (1984)); see Ross, 468 U.S. at 16 ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his

---

was pleading guilty for simple possession.  [He] didn't speak English and [he] did not understand what the lawyer was saying to [him]."  Docket # 67, at 9.  Rodriguez said that his "lawyer made a motion to vacate both cases, and [his] rights were violated in one of the dockets.  So, instead of giving [him] the two dockets, because they violated [his] rights, they want to give [him] one docket and leave the felony, which is making [him] a Career Offender now."  Id. at 10.  He asked, "[i]f they gave [him] one docket, because they violated [his] rights, how can they leave the other docket?"  Id.  Rodriguez had four convictions that were vacated in New Bedford District Court prior to sentencing.  See Docket # 67, at 13.  These were for convictions in 1997 and 2005, and Rodriguez's claim during sentencing may have been that he thinks that his 1999 guilty plea should have been vacated as well.  In any event, this is not the argument before me in the instant § 2255 motion.

5

failure to raise the claim . . . .").[3]

Here, Rodriguez contends that "distributing and dispensing are alternative means of fulfilling a single event," Docket # 76, at 5, with distributing being outside of the ACCA's definition of "serious drug offense," id. at 6. Therefore, Rodriguez maintains, Massachusetts General Laws chapter 94C, § 32, cannot qualify as a "serious drug offense" under the ACCA. See id. at 3. Whatever the merits of this argument, it was available prior to Mathis.

In Mathis, the Supreme Court explained that "[f]or more than 25 years, [its] decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." 136 S. Ct. at 2247. The question in Mathis was "whether ACCA makes an exception to that rule when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements." Id. at 2248. The Court "decline[d] to find such an exception." Id. In reaching its decision, the Court was clear that its conclusion that courts cannot "apply[] the modified categorical approach to determine the means by which [a defendant] committed his prior crimes," id. at 2253, was entirely consistent (if not dictated) by prior Supreme Court decisions. See id.; see also id. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when a statute happens to list possible

---

[3] Murray v. Carrier and Reed v. Ross involve applications for writs of habeas corpus brought by state prisoners under 28 U.S.C. § 2254, while Rodirguez brings his motion under 28 U.S.C. § 2255, "the analogue for federal prisoners to 28 U.S.C. § 2254," Simpson v. Matesanz, 175 F.3d 200, 211 (1st Cir. 1999). As the First Circuit has explained, however, "[t]here is no reason to think that the definition of 'cause' will vary between the two statutory provisions, and Bousley itself cites interchangeably to cases brought by state and federal prisoners." Id.

6

alternative means of commission: Whether or not made explicit, they remain what they ever were — just the facts, which ACCA (so we have held, over and over) does not care about."). Thus, Rodriguez cannot claim he did not have a reasonable basis for his claim prior to Mathis, and he cannot establish "cause" for his procedural default.[4]

B. **Timeliness**

Although procedural default provides an independent basis for denying Rodriguez's motion, I also find that his motion is untimely. "A 1-year period of limitation shall apply to a motion under" § 2255. 28 U.S.C. §§2255(f). "The limitation period shall run from the latest of —"

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "For the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). The Supreme Court Rules provide that "a petition for a writ of certiorari to review a judgment . . . entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Sup. Ct. R. 13(1); see also Ramos-Martínez v. United States,

---

[4] Because Rodriguez cannot establish cause, I do not reach the prejudice prong of the inquiry.

638 F.3d 315, 321 (1st Cir. 2011). Here the Court of Appeals's judgment was entered on July 16, 2012, so Rodriguez's conviction became final on October 14, 2012. Therefore, he brings his motion more than one year after his conviction became final.

In his § 2255 motion, Rodriguez states that he did not previously bring his current claim because there was "no support in law until Mathis." Docket # 75, at 5. I read this as an argument that his motion is timely under § 2255(f)(3). However, such a contention fails. To be timely under § 2253(f)(3), a right must have been "<u>newly recognized</u> by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added). Whether Mathis was made retroactive to cases on collateral review, it did not recognize a new right. Indeed, the Supreme Court in Mathis was pellucid that its holding was a direct result of its prior cases, see Mathis, 136 S. Ct. at 2257, and as such it was not recognizing a new right.[4] See Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (explaining, in the context of a second or successive collateral attack, that "Mathis interprets the statutory word 'burglary' and does not depend on or announce any novel principle of constitutional law"); United States v. Taylor, 672 F. App'x 860, 864 (10th Cir. 2016) ("Mathis did not announce a new rule. And courts applying Mathis have consistently reached the same

---

[4] In Butterworth v. United States, the First Circuit applied the standard for determining whether a case announces a new rule for purposes of retroactivity to deciding whether a right was "newly recognized" under § 2253(f)(3). See 775 F.3d 459, 464–65 (1st Cir. 2015) (citing Chaidez v. United States, 568 U.S. 342, 347 (2013)). Specifically, under Teague v. Lane, "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." Teague v. Lane, 489 U.S. 288, 301 (1989). I do not decide whether the Teague standard for new rules applies to determine whether a right was "newly recognized" because the Supreme Court in Mathis was clear the right it was recognizing was not new. However, even under the Teague standard for a "new rule," the right announced in Mathis would not be newly recognized. See Mathis, 136 S. Ct. at 2257 ("For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were — just the facts, which ACCA (so we have held, over and over) does not care about.").

conclusion." (collecting cases)); accord Dimott v. United States, No. 2:06-CR-26-GZS, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016) ("Because Mathis is an extension of Supreme Court precedent and simply applied Descamps [v. United States, 133 S. Ct. 2276 (2013)] to the state burglary statute then before the Supreme Court, a Mathis claim is not based on a constitutional right that 'has been newly recognized by the Supreme Court.'" (quoting 28 U.S.C. § 2255(f)(3)).

Accordingly, Rodriguez's motion is untimely, and I do not reach the merits of it.

## IV. Conclusion

Rodriguez's motion (Docket # 75) is DENIED.

## V. Ruling on Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I grant a certificate of appealability ("COA") because Rodriguez made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Rodriguez has made this showing.

|        August 29, 2017        |        /s/Rya W. Zobel        |
|-------------------------------|-------------------------------|
|             DATE              | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |